UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ADDONIS L. BALKUM,

    Plaintiff,

v.                                                              Case No. 6:17-cv-1299-Orl-37DCI

PIER 1 IMPORTS (U.S.), INC.,

    Defendant.
_____

## ORDER

In the instant action, Plaintiff filed a Motion to Remand. (Doc. 9 ("**Motion**").) Defendant then filed a Response and Incorporated Memorandum of Law in Opposition. (Doc. 14.) Upon consideration, the Court finds that the Motion is due to be granted.

### I.     BACKGROUND

On June 7, 2017, Plaintiff filed this action in state court under the Florida Civil Rights Act ("**FCRA**") and the Florida Private-Sector Whistleblower Act ("**FWA**"). (Doc. 2.) In the Complaint, Plaintiff alleges that her former employer discriminated and retaliated against her as a result of her non-conformity to traditional gender stereotypes. (*Id.* ¶¶ 63–65, 74, 77.) On July 14, 2017, Defendant removed the case on the basis of diversity jurisdiction. (Doc. 1.) Arguing that the amount in controversy requirement ("**AIC**") is not met, Plaintiff now moves for remand.[1] (Doc. 9.) Defendant opposes remand. (Doc. 14.)

---

[1] Plaintiff does not dispute that complete diversity exists. (*See* Doc. 9, p. 4.)

-1-

## II. STANDARDS

"Federal courts exercise limited subject matter jurisdiction," and, as such, are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). In diversity cases, district courts have original jurisdiction over cases in which the parties are completely diverse and the AIC exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

Actions first filed in state court that invoke diversity jurisdiction may be removed by defendants to federal court. *See* 28 U.S.C. § 1446(b). Where it is not "facially apparent" from the state-court complaint that the amount in controversy is satisfied, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds . . . the jurisdictional requirement." *Roe v. Michelin*, 613 F.3d 1058, 1060–61 (11th Cir. 2010) (internal citation and quotation marks omitted); *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). To meet their burden, defendants may offer additional evidence to demonstrate that removal is proper. *Roe*, 613 F.3d at 1061. Courts combine defendants' evidence with "judicial experience and common sense" to determine whether removal is proper. *Id.* at 1064. But "all doubts about jurisdiction [are] resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

## III. ANALYSIS

Courts measure amount in controversy at the time of removal. *Pretka v. Kolter City Plaza II*, 608 F.3d 744, 751, 754–56 (11th Cir. 2010). Here, Plaintiff maintains that diversity jurisdiction does not exist because the AIC did not exceed $75,000 when Defendant removed. (Doc. 9, p. 4.) As support, Plaintiff combines back pay and attorneys' fees through removal, but does not add compensatory and punitive damages to the calculation because their quantity has yet to be determined. (*See* Doc. 9, pp. 6–13.) Defendant opposes, contending that the AIC is met if the Court considers these damages and calculates Plaintiff's claims for back pay and attorneys' fees through a future trial date. (*See* Doc. 14, pp. 9–10, 14, 16–17.)

Upon review, the Court rejects Defendant's argument and finds that the case is due to be remanded. Specifically, the Court finds that: (1) at the time of removal, Plaintiff incurred at most $8,455 in back pay and $4,760 in attorneys' fees, which is well-below the requisite $75,000 threshold; and (2) Defendant failed to meet their burden for the Court to include compensatory and punitive damages in the AIC calculation.

### A. Back Pay

When "calculating a back pay award, the trial court must determine what the employee would have earned had she not been the victim of discrimination." *Love v. N. Tool & Equip. Co.*, No. 08-20453-CIV, 2008 WL 2955124, at *3 (S.D. Fla. Aug. 1, 2008). Both parties recognize that at the time of removal, Plaintiff had incurred seventy-six weeks of potential lost back pay that could total $8,455. (Doc. 9, p. 8, Doc. 14, p. 10.) But Defendant

contends that the AIC should include back pay that accrues after the date of removal. (Doc. 14, p. 10.) The Court disagrees.

Notably, courts within this District hold differing opinions on whether back pay that accrues in the time period following removal through trial or judgment should be included when ascertaining the AIC.[2] The U.S. Court of Appeals for the Eleventh Circuit has not resolved this split.[3] But, consistent with the rule that the AIC should be measured at the time of removal, *Pretka*, 608 F.3d at 751, this Court calculates back pay only through the date of removal and not through a later, speculative date.[4] The fact that courts may use "deduction, inference, or other extrapolation" in determining the AIC, *see Pretka*, 608 F.3d at 753–54, does not lend support for throwing a dart at a future trial calendar—

---

[2] Some courts measure back pay from the date of the adverse employment action to the date of trial or judgment. *E.g.*, *Sheehan v. Westcare Found., Inc.*, No. 8:12-cv-2544-T-33TBM, 2013 WL 247143, at *2 (M.D. Fla. Jan. 23, 2013); *Fusco v. Victoria's Secret Stores, LLC*, 806 F. Supp. 2d 1240, 1244 (M.D. Fla. 2011); *Hendry v. Tampa Ship, LLC*, No. 8:10-cv-1849-T-30TGW, 2011 WL 398042, at *2 (M.D. Fla. Feb. 4, 2011). Other courts only measure back pay through the date of removal. *E.g.*, *Ambridge v. Wells Fargo Bank, N.A.*, No. 8:14-cv-1212-EAK-TBM, 2014 WL 4471545, at *3 (M.D. Fla. Sept. 10, 2014); *Davis v. Tampa Ship LLC*, No. 8:14-cv-651-T-23MAP, 2014 WL 2441900, at *1 (M.D. Fla. May 30, 2014); *Wozniak v. Dolgencorp, LLC*, No. 8:09-cv-2224-T-23AEP, 2009 WL 4015577, at *2 (M.D. Fla. Nov. 19, 2009).

[3] In *Wineberger v. RaceTrac Petroleum, Inc.*, the Eleventh Circuit affirmed a district court decision including estimates of back pay and attorney fees through trial, a year of front pay, compensatory damages in the $5,000 to $30,000 range, and $10,000 in punitive damages in its AIC calculation. 672 F. App'x 914 (11th Cir. 2016). Nevertheless, unpublished Eleventh Circuit opinions are not binding on this Court. *See* 11th Cir. R. 36-2. Moreover, the trial court's decision was affirmed under a "highly deferential" clear error standard, in which the Eleventh Circuit noted that Plaintiff did not challenge the front pay calculation until almost a year following removal. *Wineberger*, 672 F. App'x at 916–18.

[4] As a general matter, the date of trial is almost always speculative. As one court duly noted, "experience and common sense suggest that [many] action[s] will resolve before trial." *Davis*, 2014 WL 2441900, at *2.

assuming the case will actually be tried, or disregarding the almost certain evidence of mitigation of wage loss damages. As such, only back pay in the amount of $8,455 will be counted toward the AIC.

### B. Attorneys' Fees

Following similar logic, when a statute allows the recoupment of attorneys' fees, the Court measures the amount expended at the time of removal. Plaintiff offers a concrete figure of this amount for the AIC analysis: $4,760. (Doc. 9, p. 13.) Defendant, on the other hand, does not offer such evidence for the Court to consider. (*See* Doc. 14, pp. 16–17.) Instead, Defendant points to a previous case brought under Title VII and FCRA where over $100,000 in attorneys' fees was recovered. (*See id.* (citing *Holland v. Gee*, No. 8:08-CV-2458-T-33AEP, 2012 WL 5845010 at *6–7 (M.D. Fla. Oct. 23, 2012), *report and recommendation adopted*, No. 8:08-CV-2458-T-33, 2012 WL 5845344 (M.D. Fla. Nov. 19, 2012)).) Putting aside the fact that *Holland* involved a federal claim—so was not premised on diversity jurisdiction—without elaboration as to similar legal or factual circumstances, the comparison is unhelpful. So the Court is left with Plaintiff's figure, which, when combined with back pay at the time of removal, amounts to $13,215. It goes without saying that this does not exceed $75,000.

### C. Compensatory Damages

Next, Defendant seeks to add Plaintiff's potential award for compensatory damages to the AIC equation. (*See* Doc. 14, pp. 10–14.) In support, Defendant cites two "comparable" cases in which plaintiffs received $75,000 and more on FCRA discrimination claims. (*See id.* at 11–14.) But Defendant "does not explain why that

amount would be awarded in *this* case." *See Bragg v. Suntrust Bank*, No. 8:16-cv-139-T-33TBM, 2016 WL 836692, at *2 (M.D. Fla. Mar. 4, 2016). While it is true that those cited cases involved gender-based discrimination, Defendant provides no factual comparison of the plaintiffs' emotional state. Defendant instead focuses on the similarity of the allegations, which misses the mark. Without offering evidence that those plaintiffs sustained a similar kind of emotional harm or mental anguish, Defendant asks the Court to speculate that Plaintiff's suffering will be judged similarly. As such, these comparators do not aid the Court's AIC calculus. *See Bragg*, 2016 WL 836692, at *2; *see also Golden v. Dodge-Markham Co.*, 1 F. Supp. 2d 1360, 1366 (M.D. Fla. 1998) ("Compensatory damages are extremely nebulous. Making a general blanket statement that, if Plaintiff prevails, compensatory damages could certainly entitle him to thousands of dollars, does not rise to the levels of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00.") The burden is the defendant's, and the proof is wanting.

### D. Punitive Damages

Moving on, Defendant tosses in punitive damages for consideration, relying on FCRA's $100,000 maximum award and the fact that Plaintiff has not sought less. (Doc. 14, p. 14.) "As such," Defendant contends, "the only reasonable inference is [that] Plaintiff seeks the statutory maximum," (*id.*)—so, of course, the AIC is met. Not so. "Following [Defendant's] logic, every [FCRA] case filed in state court containing a request for punitive damages would automatically meet the jurisdictional minimum for removal to

federal court. That result would be untenable." *Boyd v. N. Trust Co.*, No. 8:15-cv-2928-T-33TBM, 2016 WL 640529, at *4 (M.D. Fla. Feb. 18, 2016).

What is more, relying on "judicial experience and common sense,"[5] as Defendant urges, (Doc. 14, p. 15), the Court is mindful of the wholly speculative and unpredictable nature of jury awards in the area of punitive damages. Defendant cites two cases to demonstrate that this type of FCRA case would likely lead to a high jury award for punitive damages. (*See* Doc. 14, p. 16.) These two cases involved gender discrimination and retaliation claims. (*Id.*) But punitive awards are entirely dependent on the egregiousness of the particular violation. Indeed, looking at other cases with FCRA claims, there is great disparity in the amount of jury awards, as would be expected.[6] So without specific evidence that links Plaintiff's claims or Defendant's alleged conduct to the cases where punitive damage awards exceed $75,000, or a showing that Plaintiff's claims alone would merit such awards, Defendant has failed to meet its burden that Plaintiff's punitive damages meet the jurisdictional threshold.

## IV. CONCLUSION

At its core, this case involves a dispute arising from a Florida statute brought in a Florida court by a Florida plaintiff. It is true that defendants should not be denied the

---

[5] *See Roe*, 613 F.3d at 1062.

[6] *Compare, e.g.*, *Alvarez v. Royal Atl. Developers*, No. 1:07-cv-21333, 2011 WL 4914666 (S.D. Fla. June 8, 2011) (FCRA and Title VII case where jury awarded $19,519.23 in punitive damages), *and Speedway SuperAmerica, LLC v. Dupont*, 933 So.2d 75, 88 (Fla. Dist. Ct. App. 2006) (en banc) (upholding $40,000 punitive damage award from jury in FCRA case), *with Mumford v. Aziz & Cos., LLC*, No. 8:16-cv-352, 2016 WL 470621 (M.D. Fla. 2016) (jury awarding $300,000 in punitive damages in Title VII and FCRA case).

right to a federal forum, nonetheless they must shoulder the burden of establishing subject matter jurisdiction. On this record, the Court has significant doubt that Plaintiff's claims, even in the aggregate, reach the requisite $75,000 threshold. Such doubt must be resolved in favor of remand. *See Univ. of S. Ala.*, 168 F.3d at 411.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Remand (Doc. 9) is **GRANTED**.

2. The Clerk is **DIRECTED** to remand this action to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, terminate all pending motions, and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 7, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:
Circuit Court of the Ninth Judicial Circuit
in and for Orange County, Florida
Counsel of Record